**Didar AHAMED; Monika Ahamed;
and Dishamoni Ahamed,
Petitioners,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

No. 06–73435.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2008.*

Filed Sept. 3, 2008.

Ahmed M. Abdallah, Hollywood, CA, for
Petitioners.

Rebecca Anne Niburg, U.S. Department
of Justice, Civil Div./Office of Immigration
Lit., Washington, DC, District Counsel, Of-
fice of the District Counsel, Department of
Homeland Security, Los Angeles, CA,
Ronald E. Lefevre, Office of the District
Counsel, Department of Homeland Securi-
ty, San Francisco, CA, for Respondent.

Before: B. FLETCHER, THOMAS,
and WARDLAW, Circuit Judges.

MEMORANDUM **

Didar Ahamed and his wife and daugh-
ter, all natives of Bangladesh and mem-
bers of the Ahmadiya community, petition
for review of the Board of Immigration
Appeals' ("BIA") order denying their mo-
tion to reopen deportation proceedings.
We have jurisdiction pursuant to 8 U.S.C.
§ 1252. We review for an abuse of discre-
tion the denial of a motion to reopen,
*Iturribarria v. INS*, 321 F.3d 889, 894 (9th
Cir.2003), and we grant the petition for
review and remand.

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

Petitioners argued in their motion to reopen that conditions in Bangladesh have changed since the time of their merits hearing, and attached a recent State Department Country Report and several Amnesty International reports to support their argument. The State Department Country Report submitted at the time of petitioners' merits hearing made no mention of any anti-Ahmadiya activity. In contrast, the new evidence presented with the motion to reopen is replete with accounts of threats, intimidation and hate speech against Ahmadiyas, and it indicates an escalating threat to Ahmadiyas in Bangladesh. In particular, the Amnesty International Reports indicate that Ahmadiyas in Bangladesh "may be at risk of violent attack" by orthodox Islamist groups, and describe the "impunity for violence" against Ahmadiya members as "endemic" in Bangladesh. Accordingly, we conclude that BIA abused its discretion in denying petitioners' motion to reopen where they provided sufficient evidence that circumstances have changed in Bangladesh regarding the Ahmadiya community such that petitioners now have a "reasonable likelihood" of demonstrating a well-founded fear of persecution. See *Malty v. Ashcroft*, 381 F.3d 942, 947–48 (9th Cir.2004).

Accordingly, we grant the petition and remand to the BIA with instructions to reopen. See *id.* at 948.

**PETITION FOR REVIEW GRANTED; REMANDED.**